## A06A0576. MAJEED v. RANDALL et al.

(632 SE2d 413)

PER CURIAM.

In this pro se civil claim, we affirm the trial court's order granting the motion to dismiss of defendant-appellees Hugh W. Randall and Joel M. Felner.

On June 9, 2000, Ishaq H. Majeed filed a pro se, one-sentence "complaint" alleging merely that appellees "committed perjury and fraud against me." It contained no factual allegations, no statement of jurisdiction, no legal claims, and no prayer for relief of any kind. To this minimalist pleading, appellees filed a timely motion to dismiss. Majeed responded on July 24, 2000 with a document styled "Answer to Motion To Dismiss and First Amendment to Plaintiff's Complaint." In the answer and amendment, Majeed references another lawsuit which he brought against Emory University and Morehouse School of Medicine and contends that Emory "officially chose [appellees] to represent/defend Emory Univ." in that lawsuit. Majeed alleges that he contracted with Morehouse "for purposes of securing a four-year medical degree," that he attended classes at Emory, and that "Emory Univ. School of Medicine changed and misrepresented his grades" and denied him the opportunity for an appeal.[1] He further alleges that appellees gave fraudulent affidavits and deposition testimony in his other lawsuit, and that this conduct occurred "in April and August of 1991." He also makes the conclusory allegation that "By the specific allegations of time, place persons, intent and result, this Amended complaint certainly consist[s] of specific and factual allegations concerning the fraud that was committed." Majeed still does not include a prayer for relief, other than another conclusory statement that "Substantial relief is expected from . . . the Defendants."

On August 1, 2000, appellees filed an answer to the original complaint, an answer to the amended complaint, and a motion to dismiss the amended complaint. Emory University also filed a motion to dismiss the amended complaint, which unilaterally added it as a party. On March 6, 2001, the trial court entered an order granting appellees' motion to dismiss the original complaint and motion to dismiss the amended complaint.[2]

---

[1] Majeed never specifies when these events occurred, but an affidavit attached from a dean of the University of North Dakota School of Medicine references the 1985-1986 and 1986-1987 school years as the time during which Majeed was a "third-year medical student."

[2] The trial court also granted Emory University's motion to dismiss and defendants' motion for a protective order, denied Majeed's motion to amend the complaint and add additional defendants, and denied Majeed's motion for extension of discovery. Emory is not a party to this appeal.

On April 5, 2001, Majeed filed a pleading styled "Notice of Appeal" without specifying the order or judgment appealed from. No action was apparently ever taken on this notice of appeal, and no appeal was docketed with this court. On the same date, Majeed filed a motion for reconsideration in which he sought to have the March 6 order set aside and the action joined with his action against Emory University. The motion for reconsideration was denied on October 22, 2004. Majeed filed a "Notice of Appeal" from that order on November 22, 2004, and his appeal was docketed for the first time on November 8, 2005.

1. We must first observe that Majeed's notice of appeal from the order denying his motion for reconsideration is dismissible for lack of jurisdiction in this court. "A motion for reconsideration does not extend the time for filing a notice of appeal. [Cit.]" *Hardrick v. Morgan*, 240 Ga. App. 155 (522 SE2d 742) (1999). Moreover, the 2001 notice of appeal "divested the trial court of its jurisdiction over the motion for reconsideration before the trial court rendered its decision." (Citation and footnote omitted.) *Threatt v. Forsyth County*, 250 Ga. App. 838, 844 (2) (552 SE2d 123) (2001). This court therefore has jurisdiction only over Majeed's appeal of the trial court's 2001 order, id., and we do not consider Majeed's enumerations of error concerning actions taken after the trial court lost jurisdiction.[3]

2. In Majeed's remaining enumerations of error, he asserts that the trial court erred in dismissing the action because his answers to appellees' motions "were timely but had been removed from Judges file to fraudulent mislead the court and offset Default status of the case [sic]." He also asserts that his motion to join this action with the case involving Emory University was "removed from the files, fraudulently misleading the court."

Majeed's enumerations of error present the same legal difficulty as his original complaint. OCGA § 9-11-9 (b) requires that all allegations of fraud must be made with particularity and not averred generally. "Notice pleading is the rule in Georgia, and under OCGA § 9-11-9 (b), allegations of fraud must be pled with particularity. It is well settled that a general allegation of fraud amounts to nothing — it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged." (Citation and punctuation omitted.) *R. W. Holdco, Inc. v. Johnson*, 267 Ga. App. 859, 866 (2) (b) (601 SE2d 177) (2004). Majeed has the "burden to show error from the record. He cannot carry this burden simply by

---

[3] Three of those enumerations of error assert that the case was wrongly transferred to family court and remained there for three years, and that the trial court erred in failing to transmit the 2001 notice of appeal to this court. But those matters are not properly before us.

making assertions in his appellate brief." (Citation and footnote omitted.) *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 339 (1) (596 SE2d 648) (2004). Majeed does not demonstrate by citation to the record, Court of Appeals Rule 25 (a) (1), that pleadings were removed from the file, that a particular person removed them, or that such a person had any connection to appellees. Moreover, the pleadings in question plainly appear in the record.

With respect to Majeed's assertion in his first enumeration of error that appellees were in default as to his original complaint,[4] we seriously question whether Majeed's "complaint," with no specific allegations, no statement of jurisdiction, and no prayer for relief, stated any claim as to which appellees could run into default. "[D]efault operates to admit only the well-pleaded allegations of the complaint." *Smith v. Local Union No. 1863*, 260 Ga. App. 683, 684 (1) (580 SE2d 566) (2003). Even assuming defendants were somehow in default, however, Majeed never moved for a default judgment below and thus waived his right to do so.[5] More importantly, the grant of defendants' motions to dismiss terminated the action and obviated the need for a timely answer. See *Mock v. Copeland*, 160 Ga. App. 876 (288 SE2d 591) (1982).

3. The course of this litigation amply demonstrates the disadvantageous position in which so many pro se litigants place themselves. Because of the many procedural and legal oversights and errors in Majeed's pleadings, we do not reach the merits of the dismissal of his appeal. We note, however, that the trial court correctly dismissed the complaint, again because of failure on the part of this pro se plaintiff to frame his case. Not only did Majeed fail to plead fraud with specificity, "no civil cause of action exists for damages for perjury committed in an earlier lawsuit. [Cit.]" *Collier v. South Carolina Ins. Co.*, 205 Ga. App. 323, 324 (422 SE2d 52) (1992).

Finally, Majeed alleges in his "Answer to Motion to Dismiss and First Amended Complaint" that the alleged perjury and fraud occurred "in April and August, 1991." The statute of limitation applicable to fraud is the four-year statute established in OCGA § 9-3-31. *Willis v. City of Atlanta*, 265 Ga. App. 640, 643 (2) (595 SE2d 339) (2004).[6] Since Majeed did not bring this action until June 9, 2000, the statute of limitation had run on Majeed's claims at the time

---

[4] Appellees' answer to the amended complaint was timely.

[5] Majeed did belatedly attempt to move for a default judgment in this court. However, "the issue of default and the opening of default are to be decided by the trial court. OCGA § 9-11-55." *Ewing v. Johnston*, 175 Ga. App. 760, 763 (1) (c) (334 SE2d 703) (1985).

[6] While Majeed appears to argue in his brief that the statute of limitation should be tolled for concealment that prevented his discovery of the alleged fraud, he cites no facts supporting this contention.

the complaint was filed. The action is time-barred, and the trial court correctly granted the motions to dismiss.

*Judgment affirmed. All the Judges concur.*


DECIDED MAY 19, 2006 —
RECONSIDERATION DENIED JUNE 9, 2006 —

Ishaq H. Majeed, *pro se.*
*Fisher & Phillips, Burton F. Dodd*, for appellees.