A06A0135. SCOTT et al. v. MARTIN.
(633 SE2d 665)

BERNES, Judge.

Appellee John Chris Martin filed this medical malpractice action against appellants James W. Scott, M.D. and Georgia Sports Medicine & Orthopedic Clinic, P.C. (the "Georgia Clinic") without attaching an expert affidavit to his complaint. Relying upon the former version of OCGA § 9-11-9.1 (b), Martin moved for an extension of time to file an expert affidavit. The trial court granted the motion to extend, appellants obtained a certificate of immediate review, and we granted the application for interlocutory appeal. For the reasons discussed below, we reverse.

The record reflects that on January 26, 2003, Martin was involved in a motor vehicle collision near Valdosta. As a result of the collision, Martin sustained a right proximal humerus fracture and a right tibial plateau fracture. On January 30, 2003, Dr. Scott, an orthopedic surgeon employed by the Georgia Clinic, performed a closed reduction, percutaneous pinning of Martin's right proximal humerus. Martin contends that Dr. Scott negligently performed the procedure and negligently ordered him to undergo "aggressive physical therapy."

Before Martin commenced this lawsuit, the parties entered into settlement negotiations. In a letter dated January 13, 2005, Dr. Scott wrote to Martin: "I give permission to extend the statute of limitations . . . for an additional thirty days in order to give us adequate time to resolve this issue." All parties agree that as a result of this agreement, the statute of limitation on Martin's medical malpractice claims was extended to March 1, 2005.

On February 16, 2005, the Governor of the State of Georgia signed into law Georgia Laws Act 1 (Senate Bill 3). See Ga. L. 2005, pp. 1-18. In relevant part, the Act repealed former OCGA § 9-11-9.1 (b), which had allowed a plaintiff an automatic 45-day grace period within which to file a belated expert affidavit (plus additional extensions for "good cause" shown) when the relevant statute of limitation would expire within ten days of the filing of the complaint. See Ga. L. 2005, pp. 3-4, § 3.[1] Pursuant to Section 15 of the Act, the revisions to OCGA § 9-11-9.1 (b) became effective upon approval by the Governor. See Ga. L. 2005, p. 18, § 15.

On March 1, 2005, Martin filed the instant medical malpractice action against appellants Dr. Scott and the Georgia Clinic after settlement negotiations broke down. Significantly, he did not file an expert affidavit contemporaneously with the complaint but instead attempted to invoke the benefit of the 45-day grace period under former OCGA § 9-11-9.1 (b). Appellants thereafter filed their answer, raising Martin's failure to file an expert affidavit contemporaneously with his complaint as a defense.

On March 21, 2005, Martin, again relying upon former OCGA § 9-11-9.1 (b), filed a motion for an extension of time seeking an additional 30 days in which to file the expert affidavit. After conducting a hearing, the trial court granted Martin's motion for an extension of time.

On appeal, appellants contend that the trial court erred in granting Martin an extension of time to file an expert affidavit. We agree. Under both the former and current versions of OCGA § 9-11-9.1 (a), a plaintiff in a medical malpractice action must "file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."

---

[1] The former version of OCGA § 9-11-9.1 (b) (1997) had provided:
The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires. If an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim.

Unless a statutory exception applies, the failure to contemporaneously file an expert affidavit subjects the complaint to dismissal for failure to state a claim. See *Smith v. Morris, Manning & Martin, LLP*, 264 Ga. App. 24, 26 (589 SE2d 840) (2003).

No such exception applies under the current version of OCGA § 9-11-9.1, which clearly is applicable in this case. As previously noted, the current version went into effect on February 16, 2005, prior to the filing of the present suit, and it eliminated the 45-day grace period for filing an expert affidavit as well as the possibility of additional extensions for "good cause" shown that were available under the former version. See Ga. L. 2005, p. 18, § 15. Thus, the trial court erred in allowing Martin additional time to file an expert affidavit after he failed to file one contemporaneously with his complaint.

In reaching a contrary result, the trial court interpreted the January 13, 2005 written tolling agreement as tolling not only the statute of limitation, but also any changes or revisions to OCGA § 9-11-9.1. However, the agreement simply stated that Dr. Scott gave "permission to extend the statute of limitations . . . for an additional thirty days" without any reference to OCGA § 9-11-9.1 or the filing of an expert affidavit. This language "is plain, unambiguous, and capable of only one reasonable interpretation," namely, that the parties intended to toll the statute of limitation period for 30 days — nothing more, and nothing less. *Peacock v. Spivey*, 278 Ga. App. 338, 339 (1) (629 SE2d 48) (2006). It follows that the trial court interpreted the tolling agreement in an overly broad manner.[2]

While we are sympathetic to Martin's circumstance, we must hold that Martin could not obtain additional time to file an expert affidavit under the current version of OCGA § 9-11-9.1. We therefore conclude that the trial court improperly granted Martin's motion for an extension of time.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 7, 2006.

---

[2] An issue also was raised in the trial court over whether the current version of OCGA § 9-11-9.1 would operate as an "ex post facto law" if applied in this case. However, the ex post facto clause applies only to criminal cases, and so it could not serve as a constitutional ground for declining to apply the current version here. See *Bailey v. State*, 210 Ga. 52, 54 (77 SE2d 511) (1953); *Abu-Khdeir v. T. J. Maxx, Inc.*, 191 Ga. App. 523 (382 SE2d 216) (1989). And, Martin has explicitly disavowed on appeal any other constitutional argument against applying the current version of the statute. Any such argument thus has been waived. See *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 246 (1) (614 SE2d 875) (2005).

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Gregory T. Talley, Edward F. Preston*, for appellants.

John C. Martin, *pro se*.