A07A0360. DOCKENS v. RUNKLE CONSULTING, INC.
(648 SE2d 80)

ELLINGTON, Judge.

Wanda Dockens appeals from the grant of summary judgment to Runkle Consulting, Inc. in this fraud and negligent inspection case. She contends the court erred in finding, inter alia, that the negligence claim alleged professional malpractice that required an affidavit pursuant to OCGA § 9-11-9.1, and that her complaint failed to state a cause of action for fraud. For the following reasons, we affirm.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal of a grant of summary judgment, this Court reviews the evidence de novo

to determine whether a genuine issue of material fact exists or whether the movant is entitled to judgment as a matter of law.

(Citations and punctuation omitted.) *Johnson v. Rodier*, 242 Ga. App. 496, 498 (2) (529 SE2d 442) (2000).

The record shows the following undisputed facts, viewed in the light most favorable to Dockens, as the nonmovant. George W. Runkle is an engineer and president of Runkle Consulting, Inc., a consulting engineering firm which provides structural engineering, inspections, and other services to builders and developers. Runkle was hired by Sunrise Builders, Inc., to inspect a retaining wall on lot 10 B in the Garden City subdivision in DeKalb County in order to determine if the wall complied with the applicable building codes and acceptable engineering practices. On or around July 12, 2001, Runkle inspected the wall and determined that it complied with the applicable building codes and acceptable engineering practices. On July 14, 2001, Runkle sent Sunrise Builders a letter that stated, in relevant part, as follows:

At your request, I inspected the timber retaining wall [on Lot B]. It was constructed from creosote treated railroad ties, battered back 1 1/2″ each tie. The wall is 5′ to 6′ tall. Dead men were placed every third course of ties, and on 6′ centers. In our discussion, you stated that the dead men are six foot long, and are battered at the back with an additional railroad tie. This layout is acceptable, and will provide adequate resistance from sliding and overturning.

On August 6, 2001, Dockens, who is a licensed realtor in Georgia, purchased property which was adjacent to the retaining wall. Before she purchased the property, she noticed that the ground surrounding the wall was "too soft," and complained about it to the builder. The builder told Dockens that the wall had been inspected by an engineer and certified as "sound." Dockens admitted that, at the time she purchased her property, she did not know who had inspected the retaining wall or whether that person was actually an engineer, and she had not received a copy of Runkle's letter to Sunrise Builders. In fact, there is no evidence that Dockens had *any* contact with Runkle before she closed on her property.

In July 2005, part of the retaining wall collapsed, damaging Dockens' property. According to Dockens, a subsequent inspection revealed that the wall was not constructed as described in Runkle's inspection letter. Dockens filed a pro se complaint against Runkle Consulting, Inc., on August 8, 2005, alleging that Runkle negligently

inspected the wall[1] and committed fraud when he issued the inspection letter. Runkle answered and asserted, inter alia, that the complaint failed to state a cause of action for fraud, that the negligence claim failed to comply with the expert affidavit requirements of OCGA § 9-11-9.1, and that the claims were barred by the applicable statutes of limitation. Runkle filed a motion for summary judgment and, following a hearing, the trial court granted the motion on these three bases.

1. On appeal, Dockens argues that the court erred in granting summary judgment on her negligence claim after finding that her complaint alleged professional negligence and, therefore, required an affidavit pursuant to OCGA § 9-11-9.1. Dockens' complaint alleged the following, in relevant part:

> Mr. George Runkle of Runkle Consulting, Inc., a licensed professional engineer by the state of Georgia performed an inspection of the retaining walls located at 6291 Sunflower Place, Lithonia GA 30338 in DeKalb County, State of Georgia. Mr. Runkle then issued a certification statement bearing his professional seal to Sunrise Builders that the wall was sound.

(a) In her complaint, Dockens did not allege any act by Runkle that fell outside of his professional capacity as a licensed engineer, nor did she present any evidence of any such act in response to Runkle's motion for summary judgment. Under OCGA § 9-11-9.1 (a),

> [i]n any action for damages alleging professional malpractice against a professional licensed by the State of Georgia and listed in subsection (d) of this Code section . . . , the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

Subsection (d) (21) of the statute lists "Professional engineers" as a profession to which this pleading requirement applies. Dockens' claim clearly states that the allegedly negligent act, the inspection of the wall, was performed by Runkle, "a licensed professional engineer," who issued an inspection letter which bore his "professional

---

[1] In her complaint, Dockens cites to OCGA § 51-2-1 as the applicable Code section for her negligence claim. That statute, however, addresses imputable negligence, an issue that is not relevant under any of the facts of this case as alleged.

seal." Accordingly, Dockens' complaint shows on its face that it involves an allegation of professional negligence that required an expert affidavit under OCGA § 9-11-9.1 (a) and (d) (21). See *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66) (1994) (an OCGA § 9-11-9.1 affidavit is required when "the claim is based upon the failure of the professional to meet the requisite standards of the subject profession") (citation omitted).

(b) Dockens argues, however, that her claim sounds in ordinary negligence because, "[w]hile the design of the retaining wall might require professional engineering services[,] the installation of the retaining wall did not require professional engineering services." This argument is irrelevant to the instant case. As Dockens has acknowledged, Runkle was not involved in any way with the actual installation of the wall, nor does Dockens' complaint allege such involvement. In fact, the record shows that Runkle inspected the wall *after* it was built.

(c) In the alternative, Dockens argues that her claim complied with OCGA § 9-11-9.1 because it "was filed within 10 days of the expiration of the statute of limitations" and she "was unable to obtain an expert affidavit." Pretermitting the fact that Dockens failed to make this argument in the court below, Dockens relies on former OCGA § 9-11-9.1 (b), a provision which allowed plaintiffs an automatic 45-day grace period within which to file a belated expert affidavit when the relevant statute of limitation was going to expire within ten days of the filing of the complaint. *Scott v. Martin*, 280 Ga. App. 311, 312, n. 1 (633 SE2d 665) (2006). The legislature amended the statute to eliminate this provision, however, and the amendment became effective on February 16, 2005, before Dockens filed the instant complaint. See id. at 313 (the current version of OCGA § 9-11-9.1 eliminated the 45-day grace period in the former statute). Therefore, Dockens' reliance on former OCGA § 9-11-9.1 (b) is futile, and her argument fails to demonstrate a basis for reversing the grant of summary judgment.

(d) Dockens also suggests that she should be exempt from the affidavit requirement because she is acting pro se. In *Hardwick v. Atkins*, 278 Ga. App. 79 (628 SE2d 173) (2006), this Court acknowledged the "perils attendant pro se litigation," noting that "[n]egotiating a procedural minefield is sometimes difficult for the seasoned practitioner; it is even more so for the layperson." Even so, it still upheld the dismissal of a pro se complaint based upon the plaintiff's failure to attach an expert affidavit pursuant to OCGA § 9-11-9.1. Id. at 80 (2). Similarly, Dockens' pro se status does not exempt her from complying with the affidavit requirement of OCGA § 9-11-9.1.

Under the circumstances, we find the trial court properly granted Runkle summary judgment on Dockens' professional negligence claim pursuant to OCGA § 9-11-9.1.

2. Dockens contends the court erred in finding that her complaint failed to state a cause of action for fraud under OCGA §§ 51-6-1 and 51-6-2 (b). We disagree.

(a) "The tort of fraud has five elements: a false representation by [the] defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by [the] plaintiff, and damage to [the] plaintiff." (Citation omitted.) *Johnson v. Rodier*, 242 Ga. App. at 498 (2).

> OCGA § 9-11-9 (b) requires that all allegations of fraud must be made with particularity and not averred generally. Notice pleading is the rule in Georgia, and under OCGA § 9-11-9 (b), allegations of fraud must be pled with particularity. It is well settled that a general allegation of fraud amounts to nothing — it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged.

(Citation and punctuation omitted.) *Majeed v. Randall*, 279 Ga. App. 679, 680-681 (2) (632 SE2d 413) (2006). As shown above, Dockens' complaint alleged that Runkle inspected the wall and issued a letter to Sunrise Builders certifying the wall as sound. The remaining allegations in the complaint were as follows: the retaining wall "showed immediate signs of failure"; at some point after Dockens purchased the adjacent property, she contacted Runkle and asked him to replace the wall; Runkle refused, indicating that he saw no signs of structural failure; the wall partially collapsed on July 7, 2005; and an inspection revealed that the wall had not been constructed the way Runkle described it in the inspection letter.

On its face, the complaint failed to allege any specific facts to support a finding that Runkle intentionally made false statements about the condition of the wall when he sent the inspection letter to Sunrise Builders; that he sent the letter to the builder with the intention of inducing Dockens, a third party, to rely on it; or that Dockens justifiably relied on the letter, particularly when it is undisputed that Dockens did not see it until after she had purchased the adjacent property. Therefore, the complaint was legally insufficient to present a fraud claim, and the trial court properly granted Runkle summary judgment on the claim. *Majeed v. Randall*, 279 Ga. App. at 680-681 (2).

(b) Even if Dockens' complaint had been sufficient to state a cause of action for fraud, however, Runkle was still entitled to summary judgment on the claim.

> For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. Because summary judgment is appropriate if only one essential element of [Dockens'] claim is eliminated, we need not address all the issues raised on appeal or in the motion for summary judgment to resolve this appeal.

(Citation omitted.) *Johnson v. Rodier*, 242 Ga. App. at 498 (2).

Pretermitting whether Dockens presented evidence to show that Runkle intentionally made a false representation in the inspection letter or that he intended to induce her to act in reliance on the letter, Dockens has failed to show that she justifiably relied on the letter. It is undisputed that she closed on her purchase of property adjacent to the wall even though she was aware of problems with the wall, had not investigated the qualifications of the engineer who had conducted the inspection, had never had any communication with Runkle, had not obtained an independent inspection of the wall, and had never seen the inspection letter.

Accordingly, because Dockens failed to present any evidence to support at least one essential element of her fraud claim, Runkle was entitled to summary judgment. *Johnson v. Rodier*, 242 Ga. App. at 498 (2).

3. We note that, in her appellate briefs, Dockens attempts to bolster her arguments by citing to evidence that she submitted to the trial court after the court had granted summary judgment to Runkle and after she had filed a notice of appeal from that order.[2] Pretermitting whether this evidence supports her fraud claim, it was not part of the record prior to the court's grant of summary judgment and, therefore, cannot be considered on appeal. *Rental Equip. Group v. MACI*, 263 Ga. App. 155, 163 (3) (b) (587 SE2d 364) (2003). Therefore, Dockens is unable to meet her burden of showing error by the record. See *Majeed v. Randall*, 279 Ga. App. at 680-681 (2) (the plaintiff had

---

[2] The record shows that Dockens filed an appeal from the court's grant of summary judgment on April 11, 2006. On the same day, she also filed a pro se "Motion for Rehearing" in the trial court, asking the court to reconsider its judgment. She also subsequently filed an "Amended Motion for Rehearing." Attached to both of these documents were exhibits upon which she now attempts to rely.

the burden to show error from the record and could not carry this burden simply by making unsupported assertions in her appellate brief).

4. Dockens' remaining enumerations are rendered moot by Divisions 1 and 2, supra.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 25, 2007 —
RECONSIDERATION DENIED JUNE 20, 2007 — 

Wanda Y. Dockens, *pro se.*
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Molly J. Prodgers*, for appellee.