A08A1809. PECK v. BISHOP et al.

(668 SE2d 558)

ANDREWS, Judge.

Appearing pro se, Peter Peck appeals the trial court's dismissal of his medical malpractice action for failure to file a medical expert affidavit as required by OCGA § 9-11-9.1. Peck argues that the trial court erred in dismissing the complaint because he filed it pro se,

because the statute was unconstitutionally applied to him, and because he filed his medical expert affidavit within 45 days of filing the complaint. We find no error and affirm.

On November 7, 2007, Peck filed a pro se complaint against Dr. Andrew Bishop and his professional corporation ("the defendants") alleging medical malpractice in connection with Peck's left knee replacement surgery on November 8, 2005. Although he had retained counsel in the matter in September 2006, Peck's complaint attached neither a medical expert affidavit nor an affidavit from an attorney to the complaint. See OCGA § 9-11-9.1 (a) (requiring medical expert's affidavit to be filed with the complaint), (b) (in the alternative, requiring an attorney's affidavit affirming that the latter was not retained more than 90 days before the expiration of the limitation period and that a medical expert affidavit could not be prepared "because of time constraints"). Instead, Peck moved for an additional 45 days to file the required expert affidavit, which he filed on December 26 without obtaining a ruling on his motion for extension.

The defendants raised the defense of failure to comply with OCGA § 9-11-9.1 in their answer and moved to dismiss on that basis. The trial court granted the motion to dismiss on the ground that Peck was not permitted a 45-day extension because he did not file the medical expert affidavit and had retained an attorney more than 90 days before his request for an extension. Peck now appeals.

1. As a preliminary matter, we note that Peck's argument concerning the statute's unconstitutionality as applied was neither raised nor ruled upon below. As a result, there is no issue for us to review on appeal. *Wright v. Crawford Long Hosp. &c.*, 205 Ga. App. 653, 655-656 (3) (423 SE2d 12) (1992) (failure to obtain ruling concerning constitutionality of OCGA § 9-11-9.1 leaves nothing for appellate review).

2. Under our law construing the 1997 version of the statute (Ga. L. 1997, p. 916, § 1), neither pro se status nor ignorance of the law was "good cause" sufficient to extend the 45-day grace period for filing a medical malpractice affidavit. See *Lowery v. Atlanta Heart Assoc.*, 266 Ga. App. 402, 403-404 (1) (597 SE2d 494) (2004); *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 752-753 (1) (533 SE2d 749) (2000). The 2005 amendment eliminated the 45-day grace period altogether. See Ga. L. 2005, p. 1, § 3; *Scott v. Martin*, 280 Ga. App. 311, 313 (633 SE2d 665) (2006). The current version, effective July 1, 2007, restored the 45-day extension only when an attorney affidavit was filed, but barred any additional extension:

> *if the attorney for the plaintiff files with the complaint an affidavit* in which the attorney swears or affirms that his or her law firm was not retained by the plaintiff more than 90

days prior to the expiration of the period of limitation on the plaintiff's claim or claims, *the plaintiff shall have 45 days* after the filing of the complaint to supplement the pleadings with the affidavit. *The trial court shall not extend such time for any reason without consent of all parties. If either affidavit is not filed within the periods specified in this Code section, or* it is determined that the law firm of *the attorney who filed the affidavit* permitted in lieu of the contemporaneous filing of an expert affidavit or any attorney who appears on the pleadings *was retained by the plaintiff more than 90 days prior* to the expiration of the period of limitation, the complaint *shall* be dismissed for failure to state a claim.

(Emphasis supplied.) OCGA § 9-11-9.1 (b); see also Ga. L. 2007, p. 216, § 1.

Here, Peck filed his complaint on November 7, 2007, but filed neither a medical affidavit nor an attorney affidavit at that time. Under the plain terms of OCGA § 9-11-9.1 (b), then, no extension to file a medical affidavit was permitted, and his complaint was properly dismissed. See *Dockens v. Runkle Consulting*, 285 Ga. App. 896, 899-900 (1) (648 SE2d 80) (2007) (affirming grant of summary judgment to defendant concerning pro se complaint for professional negligence governed by 2005 version of statute); see also *Lowery*, 266 Ga. App. at 404 (1) (affirming dismissal under 1997 version of statute where plaintiff failed to obtain a ruling on his motion for extension); *Peterson*, 243 Ga. App. at 752 (1); *Brake v. Mintz*, 193 Ga. App. 662, 665-667 (388 SE2d 715) (1989) (affirming dismissal under 1987 version of statute).

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 20, 2008 — 

Peter M. Peck, *pro se.*
*Carlock, Copeland & Stair, Wayne D. McGrew III, Spencer A. Bomar*, for appellees.