**SECOND DIVISION**
**MILLER, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 23, 2018**

# In the Court of Appeals of Georgia

A18A0189. CRUZ PICO et al. v. BRADY.

REESE, Judge.

Alisa Brady filed a medical malpractice action against Dr. Christian Cruz Pico and Georgia Surgicare, LLC (collectively, "the defendants"). The defendants moved to dismiss the complaint for failure to state a claim on the ground that Brady had retained an attorney more than 90 days prior to the expiration of the statute of limitation[1] and was subject to the contemporaneous affidavit filing requirement of OCGA § 9-11-9.1 (a). The trial court denied the motion to dismiss, and we granted the defendants' petition for interlocutory review. For the reasons set forth, infra, we affirm.

---

[1] See OCGA § 9-3-71 (a) (two-year statute of limitation for medical malpractice actions).

According to the complaint, filed on August 1, 2016, Brady suffered injuries resulting from a cervical node excision performed by Dr. Cruz Pico on August 1, 2014. Brady attached to the complaint the affidavit of her attorney, Christopher McClurg. McClurg testified that he had been "retained by [Brady] on July 29, 2016, for purposes of filing this instant suit[,]" that "[t]he period of limitation [would] expire within ten days of the date of filing and, [that] because of such time constraints, an affidavit of an expert could not be prepared."

The defendants moved to dismiss on the ground that no expert affidavit was attached to the complaint, as required by OCGA § 9-11-9.1 (a), even though Brady had retained McClurg as her attorney long before July 29, 2016, as reflected on a medical authorization form provided to Dr. Cruz Pico to release Brady's medical records. The defendants attached the document as an exhibit to the motion. The form, which appears to have been signed by Brady on December 16, 2014, directed Cruz Pico to release information to "Plaintiff Attorney," identified as McClurg, and stated that the "[p]urpose of [the] disclosure" was "Litigation (this means I am a lawyer and I represent this person in a lawsuit)[.]"[2]

---

[2] See *Northlake Med. Center v. Queen*, 280 Ga. App. 510, 512 (2) (634 SE2d 486) (2006) ("Under [the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191], a health care provider must obtain the

Brady responded to the motion to dismiss and attached a "New Client Questionnaire," also dated December 16, 2014, in which she acknowledged that "NO Attorney-Client relationship exist[ed] between [McClurg] or any other attorney . . . in this office until such time as a written Legal Services Contract is entered into by and between the attorney, his or her firm, and the undersigned, and all legal fees, deposits, and retainers are paid and other documents, files, and information [are] received in accordance with the Legal Services." She also attached a "Legal Services Contract/Invoice," dated July 29, 2016, that documented her retention of McClurg as her attorney for a "Med Mal" action.

Brady amended her complaint on September 13, 2016, and attached an expert affidavit setting forth the defendants' negligent acts or omissions that, in the expert's opinion, resulted in Brady's nerve injuries. After hearing oral argument on the defendants' motion to dismiss, the court denied the motion.

consent of a patient before . . . disclosing protected health information. Prior written authorization is generally required for the disclosure of protected health information to a third party. A valid authorization must contain [a] description of each purpose of the requested use or disclosure.") (footnotes omitted).

"A motion to dismiss based upon the lack of [an] expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)."[3]

> We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor. And the pleadings to be construed include any exhibits attached to and incorporated into the complaint and the answer.[4]

With these guiding principles in mind, we turn now to the defendants' specific claim of error.

The defendants contend that the trial court erred in denying their motion to dismiss because Brady had retained the advice and assistance of counsel at least 19 months before she filed suit and, therefore, was not entitled to invoke the 45-day extension of time to file an expert affidavit pursuant to OCGA § 9-11-9.1 (b).

Pretermitting whether the trial court properly considered the medical authorization form attached to the defendants' motion to dismiss and the new client

---

[3] *Ziglar v. St. Joseph's/Candler Health System*, 341 Ga. App. 371 (800 SE2d 395) (2017) (citation and punctuation omitted).

[4] *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750 (751 SE2d 545) (2013) (citations and punctuation omitted).

4

questionnaire attached to Brady's response,[5] we conclude that the trial court did not err in denying the defendants' motion to dismiss.

In a professional malpractice action, a plaintiff generally must file an expert affidavit with the complaint.[6] As amended in 2007,[7] OCGA § 9-11-9.1 (b) provides:

> The contemporaneous affidavit filing requirement . . . shall not apply to any case in which the period of limitation will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing the complaint and, because of time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, if the attorney for the plaintiff files with the complaint an affidavit in which the attorney swears or affirms that his or her law firm was not retained by the plaintiff more than 90 days prior to the expiration of the period of limitation on the plaintiff's claim

---

[5] Compare *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 89 (2) (764 SE2d 398) (2014) (trial court did not err in considering pleadings only where the items were attached to either the defendant's answer or the plaintiff's own response to the defendant's motion to dismiss), with *Babalola*, 324 Ga. App. at 751, n. 4 (trial court was precluded from considering exhibits attached to the defendant's brief in support of the motion to dismiss).

[6] OCGA § 9-11-9.1 (a).

[7] See Ga. L. 2007, p. 216, § 1; see also *Peck v. Bishop*, 294 Ga. App. 132, 133 (2) (668 SE2d 558) (2008) ("The 2005 amendment eliminated the 45-day grace period altogether. The current version, effective July 1, 2007, restored the 45-day extension only when an attorney affidavit was filed, but barred any additional extension[.]") (citations omitted).

5

or claims, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court shall not extend such time for any reason without consent of all parties. *If* either affidavit is not filed within the periods specified in this Code section, or *it is determined that the law firm of the attorney who filed the affidavit permitted in lieu of the contemporaneous filing of an expert affidavit or any attorney who appears on the pleadings was retained by the plaintiff more than 90 days prior to the expiration of the period of limitation, the complaint shall be dismissed for failure to state a claim.*[8]

When an attorney is "retained" for purposes of OCGA § 9-11-9.1 (b) is an issue of first impression, and, in looking to our sister states, this provision appears to be unique.[9] In Georgia, attorneys and clients can generally agree to limit the scope of the representation. According to Rule 1.2 (a) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation[.]" Rule 1.2 (c) provides further

---

[8] (Emphasis supplied.)

[9] See, e.g., 735 Ill. Comp. Stat. 5/2-622 (a) (2) (allowing 90 additional days to file expert affidavit where the the plaintiff's attorney or pro se plaintiff files an affidavit with the complaint stating "a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations[ ]"); Minn. Stat. § 145.682 (2), (3) (b) (exception for attorney affidavit stating that "expert review . . . could not reasonably be obtained before the action was commenced because of the applicable statute of limitations[ ]").

that "[a] lawyer may limit the scope and objectives of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."

Under the circumstances presented here, we find no error in the trial court's determination that Brady did not retain McClurg as her counsel until July 29, 2016. The new client questionnaire and medical authorization form indicate that Brady and McClurg expressly limited the scope and objectives of the initial representation to obtaining Brady's medical records from Dr. Cruz Pico. Thus, the record supports a finding that, at that time, neither Brady nor McClurg had any reasonable basis to believe that Brady had "retained" McClurg for the purpose of filing the instant suit.[10] It follows that the defendants' argument that, in December 2014, "Ms. Brady sought the counsel of Mr. McClurg regarding the merits of her *potential* claim against Dr.

---

[10] Compare *Richard v. David*, 212 Ga. App. 661, 662 (1) (442 SE2d 459) (1994) (finding no attorney-client relationship, despite the payment of attorney fees as part of real estate closing costs, where the attorney did not offer and the client did not seek any legal advice or assistance); with *Calhoun v. Tapley*, 196 Ga. App. 318, 319-320 (395 SE2d 848) (1990) (summary judgment improper in a legal malpractice action because there was some evidence that an attorney-client relationship existed where the attorney assured the client that everything was being done to process her insurance claim and counsel did not indicate to another attorney that he did not represent the client).

Cruz Pico"[11] does not conflict with or contradict the trial court's finding that Brady did not "retain" McClurg to file this suit until July 2016.[12]

Consequently, the trial court properly concluded that Brady did not "retain" counsel more than 90 days prior to the expiration of the period of limitation.

> [B]ecause OCGA § 9-11-9.1 constitutes an exception to the general liberality of pleading allowed under the Civil Practice Act, it is to be construed in a manner consistent with the liberality of the Act so long as such a construction does not detract from the purpose of OCGA § 9-11-9.1, which is to reduce the filing of frivolous malpractice suits.[13]

Nothing in our reading of the statute detracts from that purpose, and we find no error in the trial court's ruling.

*Judgment affirmed. Miller, P. J., and Brown, J., concur.*

---

[11] (Emphasis supplied.)

[12] Cf. *Bell v. Phoebe Putney Health System*, 272 Ga. App. 856, 859 (614 SE2d 115) (2005) (concluding that the pleading for an extension under former OCGA § 9-11-9.1 (b) was not, at the time it was made, contradicted by the record and that any contradiction could be reconciled satisfactorily).

[13] *Gala v. Fisher*, 296 Ga. 870, 875 (770 SE2d 879) (2015) (citation and punctuation omitted).