**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 9, 2026**

# In the Court of Appeals of Georgia

A25A1733. JOHNSON v. APRIO, LLP.

WATKINS, Judge.

Larry W. Johnson, plaintiff in the case below, appeals from the trial court's order granting the defendant's motion for summary judgment and denying his cross-motion. The trial court concluded that all of Johnson's claims are barred by the relevant statutes of limitation. As discussed below, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant."[1]

---

[1] *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-65 (595 SE2d 353) (2004) (citations and punctuation omitted).

So viewed, the record shows that Martin Tanenbaum, a partner at accounting firm Aprio, LLP, was Johnson's tax advisor from 2008 until Tanenbaum's death in 2017. In 2012, Johnson invested $100,000 in a conservation easement as a tax-savings strategy; Johnson alleges that he did so based on Tanenbaum's advice. The IRS subsequently determined that the investment was significantly overvalued and, in 2022, imposed more than $150,000 in back taxes, penalties, and interest charges against Johnson. On August 15, 2023, Johnson filed a variety of claims against Aprio and John Doe, the Administrator of Tanenbaum's Estate.[2]

Aprio filed a motion to dismiss, arguing, inter alia, that Johnson's claims accrued in 2012 and are thus barred by the statutes of limitation. In response, Johnson argued that his claims are timely because the limitation periods did not begin running until 2022 when the IRS imposed sanctions. Johnson further asserted that dismissal of his claims would be improper because there were "unresolved questions" as to whether the defendants engaged in a "veil of fraudulent concealment" such that the limitation period was tolled.

---

[2] Johnson first filed suit in May 2023, but after failing to attach an expert affidavit to support his malpractice claims, see OCGA § 9-11-9.1, he voluntarily dismissed that action.

After Johnson raised the issue of tolling, the trial court converted Aprio's motion to dismiss to a motion for summary judgment and allowed the parties to present further briefing on that issue. Aprio then filed a motion for summary judgment and brief in support. In response to Aprio's motion, Johnson reiterated his argument that the limitation period did not begin to run until 2022. He also argued that the statute of limitation was tolled because the defendants fraudulently concealed important aspects of their conservation easement strategy from him.

Two days before the summary judgment hearing, Johnson filed a supplemental response brief contending that the limitation period was tolled in March 2020 when a putative class action was filed against Aprio in federal court.[3] He asserted, without elaboration, that his claims were addressed in the class action, and he cited a single federal case — *American Pipe & Construction Co. v. Utah*[4] — to support his contention

---

[3] Also on March 12, Johnson filed a motion to stay this case in light of the federal action. He asserted that a motion for class certification was pending in the federal suit and argued that because he was a putative member of the class, his individual case should be stayed until the class certification issue was resolved. The trial court denied the motion, concluding that the federal proceeding did not bar the state-court case, and noting, moreover, that if the prior pending action rule did apply, dismissal — rather than abatement — would be the proper remedy.

[4] 414 US 538 (94 SCt 756, 38 LE2d 713) (1974).

that the filing of the class action tolled the limitation period. Notably absent was any discussion of the applicability of this federal civil procedure case in a Georgia court.

Following the hearing, the trial court entered a thorough order granting the defendant's motion for summary judgment and denying Johnson's motion for partial summary judgment. The trial court found that most of Johnson's claims accrued in 2012 at the time of his initial investment and that his RICO claim accrued, at the latest, in January 2017 when he was informed the IRS had designated the investment as a "listed" transaction, or tax avoidance scheme. The trial court further found that Johnson had failed to establish he acted with the due diligence required for fraud-based tolling, and the court rejected Johnson's reliance on *American Pipe*. Ultimately, the trial court concluded that all of Johnson's claims were barred by the statutes of limitation. Johnson then filed this appeal.

"[A] statute of limitation begins to run on the date a cause of action on a claim accrues."[5] Thus, to determine whether Johnson's claims are barred by the relevant statutes of limitation, we must determine both when the claims accrued and whether the applicable limitation periods were tolled.

---

[5] *Armstrong v. Cuffie*, 311 Ga. 791, 794 (2) (860 SE2d 504) (2021) (citation and punctuation omitted).

1. Johnson contends the trial court erred in determining when his claims accrued. The trial court found that, except for his Georgia RICO claim (Count 8), all of Johnson's claims accrued in 2012 when the defendants advised him to invest in the conservation easement and he did so. Johnson insists that these claims did not accrue until 2022, when the IRS sanctioned him.[6] We disagree.

In Counts 1, 2, and 3 of his complaint, Johnson raises claims for breach of fiduciary duties, aiding and abetting fiduciary breaches, and conspiracy to do the same. "The statute of limitation for a cause of action for breach of fiduciary duty is triggered by a wrongful act accompanied by any appreciable damage."[7] Johnson's complaint alleges that the defendants breached their fiduciary duties when they recommended the conservation easement strategy, failed to disclose the associated risks, and failed to disclose they were receiving commissions or other financial benefits from third parties. The complaint further alleges that Johnson's damages include the loss of his

---

[6] As to Johnson's Georgia RICO claim, the trial court found that this claim accrued by January 2017 at the latest, when Johnson was informed that the IRS had designed the investment as a "listed transaction." On appeal, Johnson does not challenge this finding; instead, he contends, as discussed below, that the limitation period was tolled.

[7] *Hendry v. Wells*, 286 Ga. App. 774, 779(1) (650 SE2d 338) (2007).

initial investment.[8] Both the defendants' recommendation and Johnson's initial investment occurred in 2012, so the trial court correctly found that Johnson's fiduciary duty claims accrued in 2012.[9]

In Counts 4 and 5, Johnson alleges that the defendants breached their contract with him and breached the covenant of good faith and fair dealing when they recommended the conservation easement strategy and failed to disclose the associated risks and their financial incentives. Breach of contract claims accrue when the contract is broken,[10] so the trial court correctly found that these claims accrued in 2012.

---

[8] Johnson indicated, at the summary judgment hearing, that he was willing to withdraw his allegation that his damages included his $100,000 initial investment. Specifically, Johnson stated: "[T]o the extent, Your Honor, if my request for $100,000 refund for the advice [a]s given is going to stand in the way from my lawsuit going forward, then I'll withdraw that particular request of damages[.]" As the trial court observed in its summary judgment order, Johnson's statement at the hearing was not an unequivocal abandonment of that allegation of damages, and he never actually amended his complaint to remove this allegation. Under these circumstances, the trial court did not err by considering this allegation of damages as part of its analysis.

[9] See *Hendry*, 286 Ga. App. at 779(1).

[10] *Godwin v. Mizpah Farms, LLLP*, 330 Ga. App. 31, 38(3)(b) (766 SE2d 497) (2014).

In Counts 6, 7, and 9, Johnson raises claims for negligence, aiding and abetting negligence, and professional malpractice. As facts supporting these claims, Johnson alleges that he hired the defendants to serve as his tax advisors and that, by recommending the conservation easement strategy and failing to disclose the associated risks and their own financial incentives, the defendants failed to exercise the requisite level of care. In malpractice claims, "a right of action arises immediately upon the wrongful act having been committed, even [where] there are no special damages."[11] Here, the defendants' allegedly wrongful act occurred in 2012, so the trial court correctly found that these claims accrued in 2012.

2. Johnson contends the trial court erred in rejecting his contentions that the limitation periods were tolled. We disagree.

> On motion for summary judgment, the movant has only the burden of proof as to the affirmative defense of the running of the statute of limitation and not to establish the absence of facts showing a tolling. Once the movant has presented evidence that the claim is time-barred, the burden of persuasion then shifts to the nonmovant to present some

---

[11] *Green v. White*, 229 Ga. App. 776, 778(1)(a) (494 SE2d 681) (1997) (citation and punctuation omitted).

evidence showing that an issue exists that the statute has not run but has been tolled.[12]

Here, the trial court found and the parties agree that the statutory limitation periods applicable to Johnson's claims are four to six years, depending on the claim. Johnson filed his complaint in August 2023. Thus, by establishing that Johnson's claims accrued in 2012 or by January 2017, the defendants met their burden of presenting evidence that the claims are untimely. The burden then shifted to Johnson to present evidence that the statutes were tolled.[13]

While reviewing the trial court's decision on whether Johnson carried his burden, we are mindful of several well-established legal principles. First, "it is the duty of each party at the hearing on the motion for summary judgment to present his case in full."[14] Second, because our appellate courts are for the correction of errors,

---

[12] *Godwin*, 330 Ga. App. at 40(3)(b) (citations and punctuation omitted).

[13] See *Godwin*, 333 Ga. App. at 40.

[14] *Summer-Minter & Assocs., Inc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1973).

an issue must be raised in the trial court to be considered on appeal.[15] As this Court

recently reiterated,

> [f]airness to the trial court and to the parties demands that legal issues be
> asserted in the trial court. If the rule were otherwise, a party opposing a
> motion for summary judgment need not raise any legal issue, spend the
> next year thinking up and researching additional issues for the appellate
> court to address, and require the opposing party to address those issues
> within the narrow time frame of appellate practice rules.[16]

Third, an appellant "has the burden to show error from the record[,]"[17] "mere

conclusory statements are not the type of meaningful argument contemplated by our

rules[,]"[18] and we do not consider arguments that are raised for the first time in a reply

brief.[19] In this vein, we have held that where an appellant's principal brief merely

refers to papers contained in the record, such reference "does not satisfy our

---

[15] See *Wakefield v. Kiser*, 371 Ga. App. 113, 114(1) (899 SE2d 757) (2024).

[16] Id. at 114-15(1) (citations and punctuation omitted).

[17] *Majeed v. Randall*, 279 Ga. App. 679, 680(2) (632 SE2d 413)(2006) (citation and punctuation omitted).

[18] *Brittain v. State*, 329 Ga. App. 689, 691 n.4 (766 SE2d 106) (2014) (citations and punctuation omitted).

[19] See *Hart v. Redmond Regional Med. Center*, 300 Ga. App. 641, 641 n.2 (686 SE2d 130) (2009).

requirement that the briefs on appeal contain reasoned argument in support of each claim of error[.]"[20]

(a)    Johnson contends the trial court erred in rejecting his argument that the limitation periods were tolled in 2020, when a putative class action was filed against Aprio in federal court. As support for this argument, Johnson pointed the trial court to a single 50-year-old case from the United States Supreme Court: *American Pipe*, wherein the Court held that "consistent with federal class action procedure . . . the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."[21] We are not persuaded that the trial court erred.

As the trial court noted in its summary judgment order, there are important distinctions between this case and *American Pipe* — including that the instant case

---

[20] *Vann v. Finley*, 313 Ga. App. 153, 154 n.2 (721 SE2d 156) (2011) (appellant abandoned his claim that the trial court erred in excluding particular expert opinions; although his reply brief included "some reasoned argument" in support of this claim, his principal brief on appeal contained no such reasoned argument and, instead, merely referred to the pertinent documents).

[21] 414 US at 554(II).

would require cross-jurisdictional tolling. The trial court clearly identified several reasons for its ruling, stating:

> In [his] sur-reply response brief filed without leave of Court, Plaintiff included a single sentence argument on page 2 of his brief asserting that the statute of limitations has been tolled by a federal class action, filed in 2020, in which Plaintiff is a putative member. See *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974). *American Pipe* involved an antitrust claim brought under the Sherman Act and considered whether a prior class action had tolled the statute of limitations. While the Court held that the statute of limitations under the Sherman Act had been tolled, Plaintiff has cited to no Georgia case which has interpreted OCGA § 9-11-23 in the same manner. Further, the *American Pipe* case did not present a question of Due Process such that the holding would be binding upon a state court interpreting a question of state law. See *Michigan v. Long*, 463 U.S. 1032 (1983) (A federal appellate court does not have jurisdiction to review a state court decision premised upon adequate and independent state law grounds.). Moreover, *American Pipe* did not concern a state court action pending simultaneously with a federal class action — as here.

While Johnson enumerates this ruling as error on appeal, his initial brief does not squarely address the trial court's stated rationale. Instead, his brief notes that *American Pipe* has been cited by nearly 3,000 opinions, quotes precedent holding that Federal Rule of Civil Procedure 23 can be instructive when interpreting OCGA § 9-11-

11

23, and identifies several opinions in which our Court quoted *American Pipe*. But none of our prior cases concerned cross-jurisdictional tolling, and Johnson does not offer any meaningful argument on that issue until his reply brief — where he implicitly acknowledges that this is an issue of first impression in Georgia and that other courts are divided on the question.

Under these circumstances, we cannot conclude that the trial court erred in rejecting Johnson's claim of tolling on this ground. For all of the reasons outlined above, including that a party must present his case in full at the summary judgment proceeding before the trial court[22] and that we do not consider arguments raised for the first time in a reply brief,[23] we discern no reversible error on this issue.

(b)    Johnson contends the trial court erred in rejecting his contention that the limitation periods were tolled in light of fraudulent concealment by the defendants. This principle is codified at OCGA § 9-3-96, which provides that "[i]f the defendant [is] guilty of a fraud by which the plaintiff has been debarred or deterred from bringing

---

[22] See *Summer-Minter*, 231 Ga. at 604.

[23] See *Vann*, 313 Ga. App. at 154 n.2.

an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."

> [T]o toll a limitation period under this statute, a plaintiff must make three showings: first, that the defendant committed actual fraud; second, that the fraud concealed the cause of action from the plaintiff, such that the plaintiff was debarred or deterred from bringing an action; and third, that the plaintiff exercised reasonable diligence to discover his cause of action despite his failure to do so within the statute of limitation.[24]

"Whether a party exercised reasonable care in discovering the fraud is generally a jury question."[25] However, "this is not always the case. A party may fail to exercise due diligence as a matter of law."[26]

Here, the trial court found that Johnson did not establish a dispute of fact as to whether he exercised reasonable diligence to discover his causes of action against the defendants. Specifically, the court found that Johnson "was in receipt of sufficient

---

[24] *Coe v. Proskauer Rose, LLP*, 314 Ga. 519, 529(3) (878 SE2d 235) (2022) (citation and punctuation omitted).

[25] *Smith v. SunTrust Bank*, 325 Ga. App. 531, 541(1) (754 SE2d 117) (2014) (citation and punctuation omitted).

[26] Id. at 544(2)(b) (citation and punctuation omitted).

'storm warnings' to trigger a duty to inquire[,]" and that he failed to show he made reasonable efforts to explore potential claims after he received those warnings.

On appeal, Johnson contends the trial court's finding is erroneous because, in 2019, he reached out to a "standard of care" expert who provided an expert opinion on the defendants' actions. We agree with Aprio, however, that Johnson has failed to preserve this issue for appellate review.

Before the trial court, Johnson did not argue that his 2019 consultation with the standard of care expert satisfied the reasonable diligence requirement. Aprio even discussed that consultation in its summary judgment brief, arguing (in anticipation of what Johnson might argue) that because Johnson consulted the expert "in April 2019, more than four years before he filed suit and more than three years after he learned that the IRS had initiated audit proceedings [on the property at issue]," the consultation did not constitute "a diligent investigation under any reasonable interpretation of that requirement."

But despite Aprio's preemptive discussion, Johnson did not squarely address the 2019 consultation, or even the due diligence requirement for fraud-based tolling, in his brief in response to Aprio's motion for summary judgment. Instead, he quoted

a federal case for the principle that "even 'non-diligent' plaintiffs are protected if there is a 'veil of fraudulent concealment,' "[27] argued that the defendants had wrongly failed to disclose important information to him, and reiterated his contention that his claims did not accrue until 2022. Aprio pointed out Johnson's misstatement of law in its reply brief, and Aprio also argued, again, that Johnson had wholly failed to allege or argue that he met the reasonable diligence requirement under Georgia law. Still, even though Johnson filed a "supplemental response" brief, he failed to address this issue. Johnson also did not address the diligence requirement during the trial court's hearing on the motions; there again, he argued that there was "concealment by a fiduciary" and that this was sufficient to bring the issue of fraud-based tolling to a jury.

Under these circumstances, we agree with Aprio that Johnson has failed to preserve this argument. Because Johnson did not argue before the trial court that his 2019 consultation with a "standard of care expert" satisfied the requirement that he exercise reasonable diligence to discover any possible claims against the defendants,

---

[27] Johnson's position is not the law in Georgia. Our Supreme Court has clearly held that even where the defendant has a fiduciary duty to the plaintiff, that relationship "is not a separate and independent basis for [fraud-based] tolling, but rather it is an important factor affecting the duty to disclose and the duty of ordinary diligence[.]" *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 848(1) (507 SE2d 411) (1998).

he cannot now contend that the trial court committed reversible error by failing to recognize that consultation as satisfying the requirement.[28]

For the foregoing reasons, we discern no reversible error in the trial court's summary judgment order.

*Judgment affirmed. Brown, C. J., and Barnes, P. J., concur.*

---

[28] See *Wakefield*, 371 Ga. App. at 114-15(1).