## 53999. DITTLER BROTHERS, INC. v. AMR INTERNATIONAL, INC.

DEEN, Presiding Judge.

1. Although the ultimate liability for payment of sales and use tax falls upon the purchaser (Code § 92-3402a), and although in the event of failure to pay the Revenue Commissioner may proceed against either purchaser or seller, it is nevertheless the intent of the law that the seller or "dealer" is the entity responsible for collecting and forwarding the tax (Code § 92-3405a) and his failure to do so subjects him to both civil and criminal penalties in addition to the tax liability. Code § 92-9953. It follows that a seller who, if it should be proven that he has failed to comply with the law in this regard, is the subject of an assessment by the commissioner, is also primarily liable for the expenses and penalties which adhere to an unsuccessful defense. The mere fact that he may be forced to pay the tax, but then may be able to collect the amount from the purchaser, in and of itself, does not render the purchaser liable to him for the expenses involved, including expenses of litigation, even though the purchaser receives an incidental benefit from the legal services. *Simms v. Floyd,* 65 Ga. 719; and see *Christian Women's Benevolent Assn. v. Atlanta Trust Co.,* 181 Ga. 576 (183 SE 551).

2. In the present case the defendant AMR had for several years procured Dittler Brothers to design and furnish it with brochures for its management personnel seminars. No sales tax on these transactions was collected or forwarded by Dittler, and eventually the Revenue Commissioner levied an assessment against it for back sales and use taxes, which it contested, and which is now in the process of being appealed. Dittler then filed this action against AMR for attorney fees incurred in contesting the tax levy. Its petition alleges that if the case goes against it AMR will be ultimately responsible to Dittler for the payment of the tax, that the appeal was taken with AMR's knowledge and consent; that AMR has expressed its view that valid grounds exist for setting aside the assessment, and that the filing and prosecution of the appeal "constitute useful and valuable services

rendered by Dittler for the sole ultimate benefit of and to the account of AMR. Such services were performed with the knowledge of AMR and are of a character usually charged for, and AMR has expressed no dissent to the provision of such services and has in fact availed itself of such services [and] has received and accepted the benefit of such services and been unjustly enriched thereby" and is therefore obligated for their reasonable value. This petition was dismissed on motion for failure to state a claim. The first division of this opinion disposes of the claim insofar as it is based on unjust enrichment or quantum meruit, since the mere acquiescence of the defendant in Dittler's contest with the Revenue Commissioner (a contest in which Dittler has a stake over and above what it may be able to collect from AMR in the event of an adverse ruling) does not amount to any assumption on its part of an obligation to finance the lawsuit.

3. It is further contended, however, that the dismissal of the complaint at this stage is at the least premature, in that Dittler might be able to prove on the trial of the case that there was an express agreement between the parties relating to expenses of contesting a tax assessment, and that under the notice provisions of the CPA such evidence should be admissible and sufficient.

It has frequently been said that no complaint should be dismissed on motion unless it affirmatively appears that the plaintiff would not be entitled to relief under any state of facts which could be proved *in support of the claim. Stegall v. S. S. Kresge Co.,* 128 Ga. App. 679 (197 SE2d 737); *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474 (193 SE2d 881); *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260). It should not be stricken if under any state of facts *within its framework* the pleader might prevail. *Diversified Holding Corp. v. Clayton McLendon, Inc.,* 120 Ga. App. 455 (170 SE2d 863). The inferences are to be drawn in favor of and not against the pleading, but they must still be drawn "within its framework" and "in support of the claim" attempted to be set out. The complaint here, no matter how sympathetically viewed, does not attempt to suggest that there was any express

contract between the parties; on the contrary, the claim is clearly based on a benefit which may accrue to the defendant, but no contractual agreement of any kind is suggested. We cannot infer that the plaintiff will offer evidence to support a form of recovery he deliberately omitted. "Where material allegations are missing, the pleading fails. . ." 2A Moore's Federal Practice 1763, ¶ 8.17[6]. A suit cannot be based on express contract where no contract is indicated any more than it can be based on negligence when no negligence is alleged. Cf. *White v. Augusta Motel Hotel &c. Co.,* 119 Ga. App. 351 (2) (167 SE2d 161).

The dismissal of the petition was proper.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JUNE 6, 1977 — DECIDED JUNE 15, 1977.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., James C. Rawls,* for appellant.

*Sutherland, Asbill & Brennan, Carey P. DeDeyn, C. Christopher Hagy, Thomas E. Jones, Jr.,* for appellee.