A06A2260. PATRICK et al. v. VERIZON DIRECTORIES CORPORATION.
(643 SE2d 251)

MILLER, Judge.

In July 2005, Jerome A. Patrick and Marie M. Patrick filed a complaint with the Superior Court of Fulton County in which they alleged that Verizon Directories Corporation ("Verizon") published a telephone directory that listed Mr. Patrick's name, address, and telephone number under a heading styled "DUMPS." As a result, the Patricks claim that people began dumping trash and debris on their property and calling them "at all hours wanting to know the costs for dumping trash." Verizon moved for judgment on the pleadings, or, in the alternative, for dismissal on the grounds that the Patricks failed to state a claim on which relief could be granted. The trial court granted Verizon's motion to dismiss, and the Patricks appeal. Discerning no error, we affirm.

A trial court's ruling on a motion to dismiss is subject to de novo review on appeal. *Mattox v. Yellow Freight Systems*, 243 Ga. App. 894 (534 SE2d 561) (2000). So viewed, the record shows that the Patricks' complaint described the telephone directory listing and claimed that

> as a proximate cause of the wrongful action of Defendant, they have suffered harassment; been inconvenienced and exposed to health hazards; lost business as a direct result of their telephone line being used for calls about "dumping"; and have incurred expenses to have the deluge of trash loaded and hauled away.

While the Patricks' appeal to this Court alleges that Verizon's actions constituted an unspecified tort, interfered with their right of

quiet enjoyment of their property, and created a nuisance, their complaint did not make any such claims.

It has frequently been said that no complaint should be dismissed on motion unless it affirmatively appears that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. . . . The inferences are to be drawn in favor of and not against the pleading, but they must still be drawn "within its framework" and "in support of the claim" attempted to be set out. . . . Where material allegations are missing, the pleading fails. . . . A suit cannot be based on . . . negligence when no negligence is alleged.

(Citations, punctuation and emphasis omitted.) *Dittler Bros., Inc. v. AMR Intl.*, 142 Ga. App. 570, 571-572 (3) (236 SE2d 544) (1977). Here, the Patricks' complaint failed to allege any of the claims that they now seek to pursue. Instead, the complaint merely made a claim for "wrongful action" based on the erroneous entry in the telephone directory.

"Under notice pleading procedure of the Civil Practice Act, only a short and plain statement of the claim is required; nevertheless, a complaint must give a defendant notice of the claim in terms sufficiently clear to enable him to frame a responsive pleading thereto." (Citation omitted.) *Allen v. Bergman*, 201 Ga. App. 781, 783 (3) (b) (412 SE2d 549) (1991). Even after giving the Patricks benefit of all reasonable inferences that can be drawn from their complaint, Verizon was not placed on reasonable notice of whether the Patricks were asserting a claim in equity, contract, or tort, much less whether the Patricks were pleading a particular tort such as negligence or libel. Even after Verizon noted that the Patricks' complaint did not state a proper claim, the Patricks, for reasons that are not clear in the record, failed to amend their complaint to cure this deficiency. As a result, we are constrained to find that the trial court properly dismissed the Patricks' complaint.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 21, 2007 —
RECONSIDERATION DENIED MARCH 12, 2007 — ▮▮▮▮▮▮

*Don M. Jones, Lori B. Duff*, for appellants.

*Alston & Bird, Brian R. Stimson, Sterling G. Culpepper, Peter Kontio*, for appellee.