## A11A1403. FAIRFAX v. WELLS FARGO BANK, N.A. et al.
(718 SE2d 16)

MIKELL, Judge.

Cherie Fairfax, pro se, appeals from the trial court's grant of the motions to dismiss for failure to state a claim of defendants Wells Fargo Bank, N.A. (Wells Fargo), as trustee for Option One Mortgage Loan Trust 2007-5 and American Home Mortgage Servicing, Inc. (AHMS), and McCurdy & Candler, LLC (McCurdy). Finding no error, we affirm.

"On appeal from the grant of a motion to dismiss, we review the record de novo and treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false."[1]

The main claim alleged in Fairfax's Third Amended Petition for Injunction and Declaratory Relief appears to be that she was defrauded through overbilling by Wells Fargo, AHMS, and McCurdy[2] on her mortgage and this is the only claim addressed in her enumeration of errors. Fairfax alleges that this continued overbilling resulted in the wrongful foreclosure on her home.

Although the record designated by Fairfax for inclusion in this appeal is minimal, the supplemental record designated by McCurdy shows that on January 29, 2007, Fairfax executed and conveyed to the original lender Washington Financial Group, Inc. (Washington), a Deed to Secure Debt securing the indebtedness created by a contemporaneously signed Promissory Note in the original amount of $157,250. The Security Deed granted the original lender and its successors a power of nonjudicial sale and the immediate right to institute nonjudicial foreclosure proceedings upon default.

AHMS, successor-in-interest to Washington, retained McCurdy to facilitate a nonjudicial sale of the property, originally scheduled for February 2, 2009.

1. Fairfax's first enumeration is that the "trial court erred and abused its Discretion dismissing the Appellant petition and Injunctive Relief while billing errors exist."

At a minimum, a complaint must contain "[a] short and plain statement of the claims showing that the pleader is entitled to relief,"[3] and this short and plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading.[4]

---

[1] (Punctuation and footnotes omitted.) *Walker v. Wallis*, 289 Ga. App. 676 (658 SE2d 217) (2008).

[2] None of the allegations made by Fairfax are specifically alleged against any single defendant, but are all alleged against "Respondent(s)."

[3] OCGA § 9-11-8 (a) (2) (A).

[4] *Patrick v. Verizon Directories Corp.*, 284 Ga. App. 123, 124 (643 SE2d 251) (2007).

(a) To the extent that the complaint alleges errors in billing, that alone is insufficient to allege a cause of action. Fairfax's allegations in this regard are similar to the allegations made by the Patricks in *Patrick v. Verizon Directories Corp.*[5] They alleged that Verizon committed "wrongful action" by putting an erroneous entry under their listing in the telephone directory. This allegation was also deemed insufficient.[6]

Fairfax also alleged that appellees committed fraud by overbilling her and misrepresenting the facts.

> OCGA § 9-11-9 (b) requires that all allegations of fraud must be made with particularity and not averred generally. Notice pleading is the rule in Georgia, and under OCGA § 9-11-9 (b), allegations of fraud must be pled with particularity. It is well settled that a general allegation of fraud amounts to nothing — it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged.[7]

Fairfax makes no specific factual allegations regarding the alleged overbilling, billing errors, schemes or tricks used by any of the named defendants in an attempt to defraud her or wrongfully foreclose on her home. Therefore, there was no error in the trial court's grant of the motions to dismiss.

(b) To the extent that Fairfax relies in her brief on 15 USC § 1666 and requested that the trial court declare her rights "pertaining to incorrect billing under 15 USC § 1666," that claim was also properly dismissed.

> By its very terms, the FCBA's [Fair Credit Billing Act] billing error section applies solely to creditors of open end credit plans. Specifically, the definition of creditor under the FCBA is limited as follows: "For the purpose of the requirements imposed under chapter [41] [15 USCS § 1666 et seq.] the term 'creditor' shall also include card issuers, and the Board shall, by regulation, apply these requirements to such card issuers, to the extent appropriate, *even though the requirements are by their terms applicable only to creditors offering open-end credit plans*." 15 USC § 1602. . . . Because the definition of "creditor" as used in section 1666 only

---

[5] Id.

[6] Id.

[7] *Dockens v. Runkle Consulting, Inc.*, 285 Ga. App. 896, 900 (2) (a) (648 SE2d 80) (2007), quoting *Majeed v. Randall*, 279 Ga. App. 679, 680 (2) (632 SE2d 413) (2006).

applies to creditors offering open end credit plans and Plaintiffs have not alleged that the transaction underlying this claim is based on an open end credit plan, this claim must be dismissed.[8]

Therefore, there was no error in the trial court's grant of the motion to dismiss as to this claim.

2. Fairfax's second enumeration is that the trial court erred by "dismissing the appellant injunction on both parties while one party was in default."

Fairfax contends that McCurdy was named as a defendant, was properly served with process, and failed to timely answer. Pretermitting the issue of whether it is apparent from the face of either of the two versions of the complaint before this court that McCurdy was intended to be named as a defendant and whether, having decided that Fairfax has failed to state a claim, we need even address other issues, we will address the issue of the sufficiency of the summons which was left at McCurdy's office.

The initial pleadings filed by Fairfax suggest that McCurdy was not intended to be a defendant in the case. The caption of the "Petition to Have Wrongful Foreclosure and Fraud" identifies a single defendant, AHMS, and McCurdy appears to have been listed as AHMS's attorney. The body of the complaint refers only to a singular defendant. The summons issued reflects Fairfax as plaintiff and only AHMS as a defendant. It then directs the "above named defendant" to file with the clerk and serve upon Fairfax an answer or suffer default.

"Proper service of summons is necessary for the court to obtain jurisdiction over a defendant."[9] OCGA § 9-11-4 (b) states that

> [t]he summons shall be signed by the clerk; contain the name of the court and county and the *names of the parties; be directed to the defendant*; . . . and shall notify the defendant that in case of the defendant's failure [to appear and file appropriate pleadings] judgment by default will be rendered against him or her.[10]

Any deficiency in the summons is in the nature of the defense of

---

[8] (Punctuation omitted; emphasis in original.) *Roybal v. Equifax*, 405 FSupp.2d 1177, 1180 (2) (E.D. Cal. 2005), cited by *Hennington v. Bank of America*, 2011 WL 705173, *4 (N.D. Ga. Feb. 18, 2011).

[9] *Bonner v. Bonner*, 272 Ga. 545, 546 (2) (533 SE2d 72) (2000).

[10] (Emphasis supplied.)

"insufficiency of process."[11]

There is no proof in the record before us that a summons was issued identifying McCurdy as a defendant. Therefore, no jurisdiction was obtained over McCurdy, and McCurdy was not in default.[12]

3. Fairfax's third enumeration of error is that the trial court erred in dismissing the petition because it failed to send notice of the hearing to her.

This contention is belied by the fact that, on the day before the hearing, Fairfax filed her motion for a continuance based on "improper service" of the rule nisi.

Therefore, there was no error on this basis in the trial court's dismissal of the petition.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED SEPTEMBER 20, 2011 —
RECONSIDERATION DENIED OCTOBER 20, 2011.

Cherie Fairfax, *pro se.*
*McCurdy & Candler, Frank R. Olson, Thompson Hine, James C. Fox II, Russell J. Rogers*, for appellees.

---

[11] OCGA § 9-11-12 (b) (4).

[12] *Diaz v. First Nat. Bank of Tucker,* 144 Ga. App. 582-583 (1) (241 SE2d 467) (1978); cf. *Schafer v. Wachovia Bank of Ga.,* 248 Ga. App. 466, 467 (1) (b) (546 SE2d 846) (2001).