**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and MARKLE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 29, 2024**

# In the Court of Appeals of Georgia

A22A1081. NORTHSIDE HOSPITAL, INC. v. NORTHEAST GEORGIA MEDICAL CENTER, INC. et al.

A22A1082. GEORGIA DEPARTMENT OF COMMUNITY HEALTH v. NORTHEAST GEORGIA MEDICAL CENTER, INC. et al.

A22A1124. VANTAGE CANCER CENTERS OF GEORGIA, LLC et al. v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH et al.

MARKLE, Judge.

On remand from the Supreme Court of Georgia, these related appeals involve the Georgia Department of Community Health's ("the Department") grant of a certificate of need ("CON") to Northside Hospital, Inc. d/b/a Northside Hospital Gwinnett ("Northside") to build an in-house radiation therapy center. Specifically, they address whether the Department's Commissioner applied the correct standard

of review in rejecting a hearing officer's findings of fact. For the reasons that follow, we conclude the Commissioner did not.

The facts of this case are set forth in the Supreme Court's decision in *Vantage Cancer Centers of Georgia v. Department of Community Health*, 318 Ga. 361, 361-365 (1) (898 SE2d 462) (2024). Succinctly stated, the record shows that the Department initially approved Northside's CON application for the radiation center. See OCGA § 31-6-43 (g), (i) (2019). Competing healthcare providers, Northeast Georgia Medical Center, Inc. ("NGMC"), RCOG Cancer Centers, LLC and Vantage Cancer Centers of Georgia (collectively, "Vantage") filed administrative appeals. *Vantage Cancer Centers of Ga.*, 318 Ga. at 362 (1) (a); see OCGA § 31-6-44 (a), (d), (e), (g), (i) (2019). Following a lengthy evidentiary hearing, a hearing officer reversed the initial Department decision, and denied Northside's application. Northside then filed a request for review with the Commissioner, who issued the final agency decision, overturning the hearing officer's decision and again granting a CON for the project. See OCGA § 31-6-44 (i), (j) (2019).

NGMC petitioned for judicial review in the Superior Court of Hall County, which granted its petition and reversed the Commissioner's decision. See OCGA §

31-6-44.1 (a) (2008). Concurrently, Vantage sought judicial review in the Superior Court of Gwinnett County, but that court denied its petition and affirmed the Commissioner's decision.

In Case Nos. A22A1081 and A22A1082, Northside and DCH appealed to this Court from the Hall County court's decision; and, in Case No. A22A1124, Vantage appealed from the Gwinett County court's decision. In a split opinion, the outcome reversed the Hall County court's judgment and affirmed the Gwinnett County court's judgment, and determined that the Commissioner was vested with broad discretion to reject the factual findings of the hearing officer. The opinion construed the term "competent substantial evidence," as used in OCGA § 31-6-44 (k) (1),[1] to "require[]

---

[1] During the pendency of these appeals, the General Assembly amended OCGA § 31-6-44 to reflect that the decision of the hearing officer approving or denying certificates of need is now the final decision of the Department without an opportunity for further review by the Commissioner. OCGA § 31-6-44 (j) (2024). References to OCGA § 31-6-44 (k) (1) in the body of the opinion are to the version in effect at the time of the administrative decisions in this appeal.

At the time, OCGA § 31-6-44 (k) (1) provided:

In the event an appeal of the hearing officer's decision is filed, the commissioner may adopt the hearing officer's order as the final order of the department or the commissioner may reject or modify the conclusions of law over which the department has substantive

3

the [C]ommissioner to apply an additional layer of qualitative inquiry." *Northside Hosp. v. Northeast Ga. Med. Center*, 365 Ga. App. 778, 783-784 (1) (a) (880 SE2d 286) (2022) (Mercier, J., concurring in judgment only; Dillard, P.J., dissenting).

The Supreme Court of Georgia granted certiorari and subsequently vacated the judgment of this Court, explaining

---

jurisdiction and the interpretation of administrative rules over which it has substantive jurisdiction. By rejecting or modifying such conclusion of law or interpretation of administrative rule, the department must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact. The commissioner may not reject or modify the findings of fact unless the commissioner first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon any competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law.

OCGA § 31-6-44 (k) (1) (2019).

that the term "competent substantial evidence" is most reasonably understood to refer to evidence that is "relevant" such that a reasonable mind might accept it as adequate to support a finding of fact, and that is admissible. Moreover, . . . this standard is a deferential one that does not permit the Commissioner to reweigh the evidence, judge the credibility of witnesses, or substitute his judgment on factual issues for that of the hearing officer based on the Commissioner's expertise.

(Punctuation and citation omitted.) *Vantage Cancer Centers of Ga.*, 318 Ga. at 373 (2) (b); see also OCGA § 31-6-44.1 (a) (5) (defining the term "substantial evidence," for purposes of the certificate of need program, as "such relevant evidence as a reasonable mind might accept as adequate to support such findings" in the final administrative decision).

The Supreme Court further examined the language of OCGA § 31-6-44 (k) (1), which required the Commissioner to "state with particularity" his conclusion that the hearing officer's findings of fact were not supported by competent substantial evidence before rejecting or modifying them. *Vantage Cancer Centers of Ga.*, 318 Ga. at 374 (2) (c). The Court explained that, in light of the Commissioner's limited authority to reject the hearing officer's findings of fact,

the most reasonable understanding of the "particularity" requirement is that the Commissioner must provide sufficient detail in his order from which a reviewing court can determine whether the Commissioner has or has not improperly substituted his judgment for the findings of fact of the hearing officer.

Id.

The Supreme Court then remanded these appeals to this Court with instructions to "undertake in the first instance to determine whether the Commissioner complied with the 'particularity' requirement of OCGA § 31-6-44 (k) (1) as defined" in its opinion. *Vantage Cancer Centers of Ga.*, 318 Ga. at 375 (3). Accordingly, we vacate our previous opinion and adopt the opinion of the Supreme Court as our own.

In accordance with the Supreme Court's mandate, we first address whether the Commissioner satisfied the particularity requirement of OCGA § 31-6-44 (k) (1), as that term has now been defined, in rejecting the hearing officer's findings of fact. We conclude that the Commissioner's objections, as a whole, provide sufficient detail from which it can be determined that he improperly substituted his judgment for the

hearing officer's findings of fact. See *Vantage Cancer Centers of Ga.*, 318 Ga. at 374 (2) (c).

In his decision, the Commissioner objects to or modifies many of the hearing officer's factual findings by stating that they are "conclusory," "speculative," "misleading," or on the grounds that they are merely "conclusions couched as findings of fact." Notably, in one instance, the Commissioner rejects one of the hearing officer's findings of fact because "it diverts attention from the issue of inpatients by diminishing their need for access to an inpatient [radiation therapy] service." In another, the Commissioner criticizes the hearing officer's use of a phrase regarding less costly alternatives to Northside's proposed project because it "purposefully diverts attention to the cost without explaining [that] the project not only involves the acquisition of a hospital based [radiation therapy] unit but the construction of a two-story medical office building that will also contain an infusion therapy center and related cancer services." Thus, the Commissioner's rejection of the hearing officer's factual findings generally reflect that he overstepped his authority by substituting his judgment for that of the hearing officer. See *Vantage Cancer Centers of Ga.*, 318 Ga. at 374 (2) (c); OCGA § 31-6-44 (k) (1).

Additionally, the Commissioner did not apply the correct standard of review under OCGA § 31-6-44 (k) (1) because he did not, in the first instance, determine and state with particularity that the hearing officer's findings of fact were not based on competent substantial evidence. Id.; see also *Vantage Cancer Centers of Ga.*, 318 Ga. at 373 (2) (b). Rather, the decision is wholly silent as to whether the hearing officer's factual findings were based on competent substantial evidence. Accordingly, the Commissioner's decision did not comport with the requirements of OCGA § 31-6-44 (k) (1).

Because the underlying decision of the Commissioner is in error, we must vacate both of the trial courts' judgments; and we remand these cases to them with instructions to vacate the Department's final decision and to direct the Commissioner to issue a decision that comports with OCGA § 31-6-44 (k) (1), as construed by our Supreme Court in *Vantage Cancer Centers of Georgia.* 318 Ga. 361; see also OCGA § 50-13-19 (h) (Under the Georgia Administrative Procedure Act, on judicial review, "[t]he court may affirm the decision of the agency or remand the case for further proceedings."); OCGA § 31-6-44.1 (a) (2008) (methods and proceedings for judicial

8

review under the Administrative Procedure Act apply to the statutory certificate of need program unless otherwise provided therein).

*Judgments vacated, and cases remanded with direction. Mercier, C. J., and Dillard, P. J., concur.*